# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David Ballard, Warden,**
**Respondent Below, Respondent**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 11-1427** (Kanawha County 10-MISC-604)

**Bradley Earl Hacker,**
**Petitioner Below, Petitioner,**


## MEMORANDUM DECISION

Petitioner Bradley Earl Hacker, by counsel, Deirdre Purdy and Thomas J. Gillooly, appeal the Circuit Court of Kanawha County's order denying and dismissing petitioner's second post-conviction habeas corpus proceeding and related motions filed by petitioner entered on September 13, 2011. David Ballard, Warden, by counsel, Thomas A. Rodd, filed his response to which petitioner replied. Petitioner seeks a new, bifurcated trial or, in the alternative, a hearing on the second habeas petition.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was tried in December of 2002 for the first degree murder and robbery of Jason Gill. Mr. Gill's body was found burned, dismembered, and buried in a shallow grave on a farm owned by the parents of John Frye. Petitioner admitted to police that he was present when Mr. Gill was killed and that he helped dispose of the body. He denied any involvement in the robbery or murder. During the trial, inmate Nickey Smith testified that petitioner told him that because Mr. Frye taunted him at the crime scene, petitioner took the gun from Mr. Frye and shot Mr. Gill. Mr. Smith told the jury that petitioner laughed while he related the details of the murder. Another witness testified that petitioner told her, shortly before Mr. Gill's murder, that he and Mr. Frye were going to commit a robbery. Mr. Gill's mother testified that one week prior to his disappearance, she had seen a large amount of money and marijuana in her son's possession, in addition to his customary billfold and backpack. However, after he disappeared, she never saw the money, billfold or backpack again. Petitioner's girlfriend testified that after Mr. Gill's disappearance, petitioner brought a large bag of marijuana to her apartment. She also testified that after Mr. Gill's disappearance, petitioner told her that he and Mr. Frye had come into some money and that they were going to split it. Petitioner was convicted of first degree (felony) murder and sentenced to life without mercy.

1

This Court refused the direct appeal of that conviction and the appeal of the denial of petitioner's first habeas corpus petition. The first habeas petition was based in large part on the confession of petitioner's co-defendant, Mr. Frye, who admitted he acted alone when he murdered the victim. Mr. Smith also recanted his trial testimony as part of the first habeas petition. At the hearing on the first habeas petition, another inmate, Michael Conner, testified that petitioner, Mr. Smith (the recanting witness) and Mr. Frye had colluded in their testimony. The Circuit Court of Kanawha County denied that petition.

In April of 2010, following the denial of the first habeas petition, Mr. Conner swore by affidavit that his testimony at the first habeas hearing was false. Mr. Conner swore that his perjured testimony was obtained by the prosecutor with promises and threats and was false in every material respect. Based on Mr. Conner's recantation, petitioner filed a second petition for writ of habeas corpus on December 15, 2010. The grounds for the second habeas petition included newly discovered evidence relating to the allegedly false testimony of Mr. Conner in the first post-conviction habeas proceeding, failure of trial counsel to move to bifurcate the guilt and penalty phases of the trial, improper closing argument by the prosecutor's vouching the State's case and urging the jury to exact revenge against petitioner, ineffective assistance of counsel at trial, and the constitutionality of the unitary trial system.

On June 2, 2011, at a non-evidentiary hearing on the State's motion to dismiss the second habeas petition, the circuit court orally granted the motion, holding that it lacked jurisdiction because the second petition was barred by the doctrine of res judicata. The resulting order states that all but one of the claims brought by petitioner in the second post-conviction habeas corpus proceeding was either brought or could have been brought in the first post-conviction habeas corpus proceeding in 2005. In regard to petitioner's claim that perjured testimony was used in the first habeas proceeding, the circuit court found that Rules 59 and 60 of the West Virginia Rules of Civil Procedure were applicable; therefore, petitioner's second petition was untimely. The petition was dismissed pursuant to Rules 4 and 5 of the Rules Governing Post-Conviction Habeas Corpus Proceedings and Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, in addition to the doctrine of res judicata.

Petitioner asserts four assignments of error: the lack of a full and fair habeas hearing, ineffective assistance of trial counsel, the wrongful dismissal of the second post-conviction petition for writ of habeas corpus, and the circuit court's rejection of new and substantial evidence of petitioner's innocence.[1]

Petitioner contends that the omnibus hearing on the first petition for writ of habeas corpus was tainted by perjured testimony. Thereafter, the circuit court dismissed the second petition for writ of habeas corpus on the grounds of res judicata. Based on these alleged issues, petitioner contends he has never received a full and fair habeas hearing. Petitioner also asserts that the second habeas petition was wrongly dismissed and that the circuit court erred in twice rejecting

---

[1]Respondent's brief to this Court was styled "Motion to Strike Petitioner's Charges of Official Corruption and Subornation of Perjury, and Response Brief of the State of West Virginia." Due to the fact that petitioner's appeal of the denial and dismissal of his second petition for writ of habeas corpus is denied, the Court finds that respondent's motion to strike is moot.

new and substantial evidence of petitioner's factual innocence. Due to the overlap of these assignments of error, we will address these arguments together. During the trial, Mr. Smith testified that petitioner told him that because Mr. Frye taunted petitioner at the crime scene, petitioner took the gun from Mr. Frye and shot Mr. Gill. One of the grounds for the first petition for writ of habeas corpus was that Mr. Smith recanted material portions of his trial testimony and corroborated Mr. Frye's account that Mr. Frye had acted alone in shooting Mr. Gill. The alleged perjured testimony at the omnibus hearing was given by Mr. Conner who testified that Mr. Smith, Mr. Frye, and petitioner had colluded in their testimony. Following that hearing, petitioner obtained an affidavit from Mr. Conner which states that testimony at the first habeas hearing was false. Mr. Conner further states in that affidavit that his perjured testimony was obtained by the prosecutor with promises and threats, and that his testimony was false in every material respect. Petitioner argues that the new evidence of Mr. Conner's perjury rehabilitates both Mr. Smith's recantation of his incriminating testimony and Mr. Frye's confession that he acted alone in shooting Mr. Gill.

Respondent states that the circuit court denied petitioner's second petition for writ of habeas corpus on two grounds: 1) the second habeas raised claims that were the subject of the first habeas petition, so the matter was res judicata as to those issues; and 2) insofar as Mr. Conner's affidavit sought to contradict or impeach his testimony in the first habeas proceeding, the claims based on the affidavit were untimely. Respondent does not agree with the circuit court's analysis on the timeliness of the presentation of new evidence issue, however, it contends that the circuit court's decision on the motion to dismiss the second habeas petition was correct.

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).With regard to subsequent petitions for writs of habeas corpus, we have held as follows:

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

Syl. Pt. 4, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981). In addition, "[a] new trial on the ground of after discovered evidence or newly discovered evidence is very seldom granted and the circumstances must be unusual or special." *State v. Dudley*, 178 W.Va. 122, 125, 358 S.E.2d 206, 209 (1987), *quoting* Syl. Pt. 9, *State v. Hamric*, 151 W.Va. 1, 151 S.E.2d 252 (1966). "The question of whether a new trial should be granted on such [alleged perjured] testimony depends on all the circumstances of the case and is a matter within the discretion of the trial

court." *Id.* Our review of the record reflects no clear error or abuse of discretion by the circuit court, as the circuit court properly found that the issues presented in the second post-conviction petition for writ of habeas corpus were barred by the doctrine of res judicata. Further, this Court finds no evidence of "credible corroborating circumstances" which require the provision of a new trial. *See* Syl. Pt. 2, *State v. Stewart*, 161 W.Va. 127, 239 S.E.2d 777 (1977).

Finally, petitioner asserts that he received ineffective assistance of counsel because trial counsel did not have a tactical or strategic reason for failing to move to bifurcate the guilt and penalty phases of the trial. Petitioner claims that during the omnibus hearing on his first petition for writ of habeas corpus, his trial counsel admitted there was no tactical or strategic reason for not moving to bifurcate the trial. The circuit court found that petitioner presented the claims of ineffective assistance of counsel at the initial post-conviction habeas corpus proceeding and that petitioner was allowed to fully develop his claim at that proceeding. Respondent points to petitioner's admission that his second petition raises no new grounds except for the State's witness's alleged perjury at the first hearing. Respondent asserts that trial counsel testified during the omnibus hearing that he thoroughly discussed the possibility of bifurcation with petitioner and that petitioner was involved in the strategic decision not to move to bifurcate.

As set forth above, issues raised during an omnibus hearing are barred by res judicata in a second habeas proceeding. Syl. Pt. 4, *Losh*. In addition,

> "'An ineffective assistance of counsel claim presents a mixed question of law and fact; we review the circuit court's findings of historical fact for clear error and its legal conclusions *de novo*. This means that we review the ultimate legal claim of ineffective assistance of counsel *de novo* and the circuit court's findings of underlying predicate facts more deferentially.' Syllabus Point 1, *State v. Warden, W.Va. Penitentiary*, 207 W.Va. 11, 528 S.E.2d 207 (1999)."

*State ex rel. Kitchen v. Painter*, 226 W.Va. 278, 284, 700 S.E.2d 489, 495 (2010). Based on the facts and record presented in this matter, including the testimony of trial counsel and the circuit court's ruling in the first petition for habeas corpus, we find there was no clear error in the circuit court's findings of fact relative to this claim. We also agree with the circuit court's finding that the issue is barred by res judicata.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4